**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **HEALTH MOBIUS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.** 5:16-cv-00831 |
| | § | |
| **MOBIUS HEALTH, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Health Mobius, LLC ("Plaintiff") asserting claims against Defendant Mobius Health, Incorporated ("Defendant") for trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act), unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A) (Section 43(a)(1)(A) of the Lanham Act), dilution under 15 U.S.C. § 1125(c) (Section 43(c) of the Lanham Act) as well as trademark infringement, unjust enrichment, and injury to business reputation under Texas law.

Plaintiff seeks: (1) actual, treble, and exemplary damages, as well as an accounting of profits; (2) attorneys' fees and costs of this action; and (3) a preliminary injunction, and after trial, a permanent injunction.

**I.      PARTIES**

1.      Plaintiff Health Mobius, LLC, is an Illinois limited liability company with its principal place of business in Willowbrook, Illinois.

2.      Upon information and belief, Defendant Mobius Health, Inc. ("MHI"), is a Delaware corporation, with its principal place of business located at 302 Pearl Parkway South,

Unit 3212, San Antonio, Texas 78215. Defendant Mobius Health, Inc., can be served with process through its registered agent Corporation Service Company d/b/a CSC, 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Service is not requested at this time.

## II.    JURISDICTION AND VENUE

3.    The Court has subject-matter jurisdiction over the Lanham Act claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has subject-matter jurisdiction over the Texas state-law claims in this action under 28 U.S.C. § 1367 as a result of the claims arising out of the same transactions and occurrences giving rise to the federal Lanham Act claims and also under 28 U.S.C. § 1332 based on an amount in controversy exceeding $75,000, exclusive of interest and costs, and diversity of citizenship. The Court has original jurisdiction over Plaintiff's unfair competition claim under 28 U.S.C. § 1338(b).

4.    The Court has personal jurisdiction over Defendant by and through its acts and/or omissions giving rise to Plaintiff's claims, including trademark infringement and unfair competition. The acts and/or omissions were committed by Defendant, in whole or in part, in the State of Texas in this judicial district. Defendant conducts business through its internet website, www.mobiushealth.com, which is an unauthorized use of Plaintiff's "Health Mobius" trademark. www.mobiushealth.com is an active and interactive website that allows customers to view information, subscribe for updates, and request a demonstration of the products and services that Defendant offers. Texas residents in this judicial district are able to download smartphone and tablet applications from this website, and further request assistance with establishing an account (and thus a secure connection) with the Defendant. Accordingly, Defendant is doing business in this judicial district and is thereby committing acts of infringement, unfair competition, and other wrongful acts described below. As a consequence, Defendant has purposefully availed itself of

the laws of the State of Texas and, therefore, exercise of personal jurisdiction over Defendant is fair and proper.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because Defendant is a resident of this district, and a substantial part of the events giving rise to the claims of this action occurred in this judicial district.

### III.     FACTUAL BACKGROUND

6.      Plaintiff offers online solutions for healthcare and fitness providers, durable medical equipment providers, and chiropractors. Essentially, Plaintiff assists clients with (1) creating online catalogs, (2) integrating social media advertising, (3) packaging, shipping, and handling ordered goods, (4) customer service needs and vendor payments, and (5) the calculation, collection, and submission of sales tax for online transactions.

7.      Plaintiff has owned and used the name "Health Mobius" since January 2007. Plaintiff applied for service mark protection on July 5, 2013 for the name "Health Mobius." The mark was published for opposition on January 7, 2014, and registered March 25, 2014 (No. 4,500,897).

8.      Plaintiff registered the domain name www.healthmobius.com in 2003, but due to a short, dormant period of time, 2007 is considered by Plaintiff to be the first time the domain was used in commerce.

9.      Over the course of the last thirteen years, Plaintiff has established a national reputation and goodwill. Therefore, Plaintiff is entitled to exclusive rights to use the "Health Mobius" trademark, www.healthmobius.com, and all other substantially similar marks.

10.     Plaintiff has expended substantial sums in advertising in previous years to promote the goods and services related to the "Health Mobius" trademark. This has garnered

Plaintiff substantial recognition in the marketplace and the "Health Mobius" trademark has become well known in connection with its offering of services to healthcare providers and other related businesses.

11.     Based on information and belief, Defendant was organized in November 2012, and filed with the Texas Secretary of State as a foreign entity in March 27, 2013. Defendant purports to offer electronic medical record solutions to healthcare providers via its active and interactive website, in addition to its various smartphone and tablet applications that are available for download. Thus, both www.healthmobius.com and www.mobiushealth.com are websites that offer online solutions marketed directly to healthcare providers.

12.     The logos of Plaintiff and Defendant are nearly identical. *See* **Exhibit A**. Both feature a three-point, colored loop and the name of the business. This, alone, has caused confusion among Plaintiff's joint venturers and prospective clients.

13.     Defendant's use of the Health Mobius trademark is likely to cause confusion. As previously mentioned, the names of the businesses (and the domain names) are the same, with the mere reversal of the order of the words "Health" and "Mobius." The websites are likely to cause confusion among consumers with regard to the affiliation of the domain. The Defendant's domain clearly includes a substantially similar mark to Health Mobius, which is Plaintiff's registered trademark.

14.     Defendant has used the name "Mobius Health" in commerce and in connection with its goods and services in a manner that is likely to cause confusion, to cause mistake, to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, and/or commercial activities.

15.     The Defendant's business name and domain are used in connection with similar goods and services as the Plaintiff's mark. Defendant offers electronic solutions to healthcare providers through its website and smartphone/tablet applications. Plaintiff's business targets the same customers, rendering it is obvious that the Plaintiff and Defendant's goods and services are found in the same or similar channels of trade.

16.     Plaintiff has at least two documented examples of confusion. First, in coordination with a joint advertising campaign with Sigvaris Inc. ("Sigvaris"), Sigvaris employees accidentally used Defendant's name and logo in a draft advertising pamphlet intended to benefit Plaintiff. **Exhibit B.**  Second, an account manager at Philips Respironics sent Plaintiff a message that he had reached out to Plaintiff "at [its] Mobius Health [voice mail], but did not hear back[.]" **Exhibit C.**  Plaintiff has lost, stands to and continues to lose business due to the confusion created by Defendant's use of Plaintiff's trademark, domain name, and/or substantially similar variants thereof.

17.     These are just two examples of significant confusion caused by Defendant's use of "Mobius Health" and www.mobiushealth.com. This confusion and future confusion will continue to occur unless Defendant is properly enjoined. Until then, Plaintiff will suffer irreparable harm as Defendant will profit unfairly from its trademark infringement, unfair competition, and other wrongs. Additionally, Plaintiff's goodwill and the distinctive nature of the Plaintiff's mark has been diminished and devalued.

18.     If customers of Defendant experience inferior service, receive inferior goods, or read negative press published regarding Defendant, they may mistakenly attribute that to Plaintiff due to Defendant's use of a name and domain name that are substantially the same as Plaintiff's. This concern is heightened by the fact that both companies market online solutions to

healthcare providers using similar advertising channels in connection with the "Health Mobius" registered trademark. This also places Plaintiff's mark at significant risk of dilution through tarnishment and blurring.

19.     Plaintiff notified MHI on or around February 22, 2016, via written correspondence, of the nature of Defendant's infringement based on the use of "Mobius Health" and www.mobiushealth.com. Despite claiming that it was willing to consider an amicable resolution, MHI took no steps to address or accommodate any of the Plaintiff's requests. Because of this, Defendant's continued use of the infringing entity name and domain name constitutes purposeful, willful, and intentional conduct.

## IV.     CAUSES OF ACTION

**A.     COUNT I – Trademark Infringement Under 15 U.S.C. § 1114 (Section 32 of the Lanham Act)**

20.     Plaintiff realleges paragraphs 1 through 19 above as if fully set forth herein.

21.     Defendant's acts committed in the course of interstate commerce constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, of the Plaintiff's registered trademark. As established by the registration for the Plaintiff's trademark, the trademark is protectable and enforceable against Defendant, Plaintiff is the owner of the trademark, and Plaintiff is the senior user of the trademark. Further, Defendant's actions have caused a likelihood of confusion or mistake as to the source of Defendant's goods and services, thus causing damage to Plaintiff. In particular, through infringing use of the Plaintiff's trademark, Defendant is harming Plaintiff and potentially profiting off of internet traffic and sales that would have otherwise been directed to the Plaintiff.

22.     In accordance with Section 43 of the Lanham Act, 15 U.S.C. § 1125, Defendant should be preliminarily and upon hearing, permanently enjoined from using the Plaintiff's trademark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporation name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's goods and/or services.

23.     Under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendant: (i) Defendant's profits, (ii) damages sustained by Plaintiff, and (iii) costs of this action. Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Plaintiff seeks treble the amount of its actual damages. Due to the exceptional nature of this cause, Plaintiff also seeks reasonable attorneys' fees.

**B.      COUNT II – Unfair Competition Under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act)**

24.     Plaintiff realleges paragraphs 1 through 23 above as if fully set forth herein.

25.     Defendant's actions committed in the course of interstate commerce constitute materially false and misleading representations of fact with respect to the origin of Defendant's goods, and the affiliation, sponsorship, and approval of Defendant's goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Plaintiff has been damaged by the Defendant's actions, and those actions are likely to cause confusion or mistake as to the origin of Defendant's services and the affiliation, sponsorship, and approval of Defendant's services.

26.     In accordance with Section 43 of the Lanham Act, 15 U.S.C. § 1125, Defendant should be preliminarily and upon hearing, permanently enjoined from using the Plaintiff's trademark or any confusingly similar variation thereof, alone or in combination with other

words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise or identify Defendant's services.

27.     Under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendant: (i) Defendant's profits, (ii) damages sustained by Plaintiff, and (iii) costs of this action. Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Plaintiff seeks treble the amount of its actual damages. Due to the exceptional nature of this case, Plaintiff also seeks its reasonable attorneys' fees.

**C.     COUNT III – Dilution in Violation of 15 U.S.C. 1125(c) (Section 43(c) of the Lanham Act)**

28.     Plaintiff realleges paragraphs 1 through 27 above as if fully set forth herein.

29.     Defendant's aforesaid acts committed in the course of interstate commerce constitute dilution by blurring and tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Plaintiff has been damaged by Defendant's actions, and said acts have impaired the distinctiveness of the Plaintiff's trademark and unless enjoined, Defendant will continue to harm the distinctiveness of Plaintiff's trademark.

30.     Plaintiff's trademark has achieved famous status within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendant's use of the name "Mobius Health" and domain name www.mobiushealth.com is likely to blur the distinctiveness of the Plaintiff's trademark. Defendant's use of the trademark is further likely to tarnish and therefore dilute the distinctiveness of the Plaintiff's trademark due to similarity of the marks and Defendant's potentially negative reputation.

31.     In accordance with Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), Defendant should be preliminarily and upon hearing, permanently enjoined from using the

Plaintiff's trademark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services.

**D.      COUNT IV – Trademark Infringement in Violation of Tex. Bus. & Comm. Code § 16.102**

32.      Plaintiff realleges paragraphs 1 through 31 above as if fully set forth herein.

33.      As set forth above, Plaintiff is the senior user of its marks and enjoys priority over Defendant. Plaintiff's substantial use of its trademark in commerce has resulted in its trademark being protectable, distinctive, and enforceable. Defendant's us of the name "Mobius Health" and the domain name www.mobiushealth.com in commerce and in connection with selling, offering for sale, or advertising its services constitutes infringement of Plaintiff's statutory and common law rights to its trademark. Defendant's use of the marks is likely to cause confusion or mistake as to the source of Defendant's services.

34.      In accordance with Texas law, Defendant should be preliminarily and permanently enjoined, upon hearing, from using the Plaintiff's trademark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark or service mark, corporate name, trade name component, meta tag, domain name or domain name component, or to market, advertise, or identify Defendant's goods or services.

35.      Plaintiff has been damaged by Defendant's actions. Pursuant to Texas law, Plaintiff is entitled to recover its actual damages caused by Defendant's infringement, exemplary damages, and costs and attorneys' fees due to the knowing, willful, and intentional nature of Defendant's actions.

**E.**     **COUNT VI – Unjust Enrichment Under Texas Law**

36.     Plaintiff realleges paragraphs 1 through 35 above as if fully set forth herein.

37.     As provided above, Defendant has used Plaintiff's trademark and goodwill as an integral step of Defendant's sale, offering for sale, and advertising of its goods and services. On information and belief, Defendant has received a direct pecuniary benefit from these unlawful acts. Defendant is therefore unjustly enriched to Plaintiff's detriment. Accordingly, Plaintiff is entitled to recover its actual damages caused by Defendant's unjust enrichment.

**F.**     **Count VII – Injury to Business Reputation in Violation of Tex. Bus. & Comm. Code § 16.103**

38.     Plaintiff realleges paragraphs 1 through 37 above as if fully set forth herein.

39.     As provided above, Defendant's actions, particularly in its use of the Plaintiff's trademark, or a substantially similar variant thereof, in commerce has injured and is likely to continue to injure Plaintiff's business reputation, thus diluting the distinctive quality of Plaintiff's trademark. Accordingly, Plaintiff is entitled to an injunction enjoining Defendant from: (i) representing that Defendant's services are in any way sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff; (ii) using the Plaintiff's trademark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services, and (iii) otherwise competing unfairly with Plaintiff or injuring its business reputation in any manner.

40.     Plaintiff has been damaged by Defendant's actions. Pursuant to Texas law, Plaintiff is entitled to recover its actual damages caused by Defendant's infringement, exemplary

damages, and costs and attorneys' fees due to the knowing, willful, and intentional nature of Defendant's actions.

## V.      APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

41.      Plaintiff realleges paragraphs 1 through 40 above as if fully set forth herein.

42.      On information and belief, Defendant, unless enjoined, will continue to use the name and domain name that are likely to cause confusion as to the course of its products and services, use a name or domain name that incorrectly suggest or are likely to cause confusion as to whether Defendant is affiliated with Plaintiff, and use a name or domain name that dilute the distinctiveness of Plaintiff's trademark. All of these acts violate the Lanham Act and Texas law.

43.      These actions entitle Plaintiff to a preliminary injunction, and, upon hearing, permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Defendant from:

a.      Representing that Defendant's services are in any way sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff;

b.      Using the Plaintiff's trademark or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, meta tag, domain name, or domain name component, or to market, advertise, or identify Defendant's services; and

c.      Otherwise competing unfairly with Plaintiff or injuring its business reputation in any manner.

44.      For these actions, there is no adequate remedy at law. Further, Plaintiff is substantially likely to prevail on the merits of these claims. The injury to Plaintiff greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of

hardships tips strongly in favor of Plaintiff. Finally, the injunction will not disserve the public interest. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief against the Defendant.

## VI.     DEMAND FOR JURY TRIAL

In accordance with Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury on its claims alleged against Defendant.

## VII.     PRAYER

For these reasons, Plaintiff respectfully requests the Court to:

1.      In accordance with Texas law and Section 34 of the Lanham Act, 15 U.S.C. § 1116, issue a preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with Defendant from the acts described in paragraph 42 of this Complaint;

2.      Order Defendant and its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them, to provide an accounting of all sales, revenues, and profits related to Defendant's goods and services that infringe the Plaintiff's trademark and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Plaintiff;

3.      Award Plaintiff its actual, treble, and exemplary damages;

4.      In accordance with Texas law and 15 U.S.C. § 1117(a), find this case to be exception in Plaintiff's favor and award Plaintiff its reasonable attorneys' fees, costs, and expenses of this action;

5.      Award Plaintiff pre-judgment and post-judgment interest at the maximum allowable interest rate; and

6.      Grant Plaintiff such other relief, at law or in equity, to which the Court deems proper and just.

Respectfully submitted,

By:   /s/ John Ben Blanchard
      John Ben Blanchard
      State Bar No. 02446200
      jblanchard@bf-law.com
      Brown & Fortunato, P.C.
      905 S. Fillmore Street, Suite 400
      P. O. Box 9418
      Amarillo, Texas 79105-9418
      (806) 345-6300 Telephone
      (806) 345-6863 Facsimile

F:\DOCS\5681\002\PLEADING\28Q6810.DOCX

# EXHIBIT A





# EXHIBIT B

**Kamal Haddad**

| | |
|---|---|
| **From:** | ███████████ |
| **Sent:** | Thursday, February 18, 2016 10:34 AM |
| **To:** | ███████████ |
| **Subject:** | Flyer |
| **Attachments:** | HEALTH_MOBIUS_SHEET.pdf |

Take a look at this just for the copy's sake. We are going to pretty it up and make it 2-sided, but let me know your thoughts so far. We obviously can't say it all on this but it's a tool our reps can use to start the conversation and answer the basic questions.

Tanja Kropf
National Account Manager - Government and Pharmacy

Sales



**SIGVARIS Inc.**
1119 Highway 74 S | Peachtree City | GA 30269 | USA

████████████

www.sigvaris.com

1

# SIGVARIS IS PLEASED TO ANNOUNCE OUR PARTNERSHIP WITH **HEALTH MOBIUS**

to give YOU more options to generate cash sales without having to stock product.

 

## DO YOU:

| Have interest in selling SIGVARIS, but don't have the space to stock it? | Currently have an ecommerce site, but it requires a lot of time and effort to maintain, so you don't update it as frequently as you should? | Not currently have an ecommerce site, but recognize the importance, and if you had the money, expertise, staff and/or time, etc., you'd change this? | Worry about reimbursements diminishing, and seek new opportunities to grow your cash sales? |

If you answered yes to any of these, Health Mobius can help. They offer turnkey, affordable ecommerce solutions that can have you selling medical products, including SIGVARIS, as soon as the day after you enroll.

Once Health Mobius sets up your ecommerce site, you'll be able to sell anything from SIGVARIS compression socks to blood pressure monitors to catheters.

### SPECIAL OFFER:

Health Mobius is offering SIGVARIS customers $1000 off the initial one time set up fee of $2500. Your initial investment is only $1500 for a full ecommerce site, and $30 per month to maintain (you'll only have to sell approximately 2 pairs of socks per month to cover this cost).

## YOUR NEXT MOVES:

### WHAT'S REQUIRED?

Hardly a thing. Simply provide your logo, and the domain name you'd like to use. If you already have one, Health Mobius can link to that. Your store will be open and ready for business right away.

### HOW DOES IT WORK?

Health Mobius handles credit card processing, product shipments and returns, as well as updating your site with new products or removing discontinued products. They take a small transaction fee for each sale, but you keep most of the profit. On products like SIGVARIS, you can earn nearly a 100% markup!

### GET STARTED!

Call Health Mobius today at **123.456.7890** or visit **healthmobius.com** for more information. Don't forget to mention SIGVARIS for your discount!

## Kamal Haddad

| | |
|---|---|
| **From:** | |
| **Sent:** | Thursday, February 18, 2016 12:12 PM |
| **To:** | Kamal Haddad |
| **Subject:** | Re: Logo |

**Follow Up Flag:**  Follow up
**Flag Status:**  Flagged

Call you in a bit. That's just something our graphics guy pulled from their website I guess. I didn't really look at it.

Tanja Kropf
National Account Manager - Government and Pharmacy

**SIGVARIS Inc.**

On Feb 18, 2016, at 12:19 PM, Kamal Haddad                              wrote:

> We will make a couple of comments on the flyer as well as send you the high resolution logo. Note the logo you are using is for a company called Mobius Health and NOT Health Mobius.
>
> We have the name trademarked and have our attorneys sending them a cease and desist letter today.
>
> **From:**
> **Sent:** Thursday, February 18, 2016 10:31 AM
> **To:**
> **Subject:** Logo
>
> Do you have a hi res image of your logo? I'll get you Judith's info today as well.
>
> Tanja Kropf
> National Account Manager - Government and Pharmacy
> Sales
>
> 
>
> **SIGVARIS Inc.**
> 1119 Highway 74 S | Peachtree City | GA 30269 | USA
>
> www.sigvaris.com

1

# EXHIBIT C

  

Home     Profile     My Network     Jobs     Interests            Business Services     Try Premium for free

Healthcare Career Outlook - Browse direct and indirect patient care careers. Download today. | Read More »



## Scott Garner   1st

Key Account Manager, Chain Retail Pharmacy at Philips
Respironics

Toledo, Ohio Area | Medical Devices

| Previous | Summit Pharma Consulting, LLC, PARI Respiratory Equipment, Inc., WE Pharmaceuticals, Inc. |
| --- | --- |
| Education | California State University-Fullerton |

[ Send a message ]   [ Endorse ▾ ]        **358** connections

https://www.linkedin.com/in/scott-garner-09b2151b               📇 Contact Info

### Relationship                                    Manufacturer

Note     Reminder     Tag

**NCPA meeting info**                                3 months ago

Hi Kamal,
It was great seeing you at ECRM. I received an e-mail this week from NCPA with info
on this conference which is one of the better ways to reach the independent
pharmacist.
I reached out to you by phone at your Mobius Health VM, but did not hear back from
you.
Please e-mail me at: ██████████████ and I will forward you the NCPA
meeting info.
Best regards,
Scott - See less
3/5/2016

See More

### Background

 Summary

Senior market leader with over 25 years in successful medical sales and sales management with a
proven track record of delivering consistent category revenue and growth. Strengths include outstanding
product and channel landscape knowledge, executive team leadership, business strategy and execution,
relationship building, contract negotiations & extensive contract wins while still staying below budget.

Extensive experience within the retail pharmacy, home care and Insurance Payer markets specializing in
Chain Retail Pharmacy corporate HQ account management, wholesale distribution, reimbursement,
marketing medical devices as well as Pharma products.

Sales Training includes Conceptual Selling, Corporate Visions Power Messaging, Miller Heiman, Karrass
Negotiation, and Spin Selling..

 Experience

#### Key Account Manager, Chain Retail Pharmacy
Philips Respironics
October 2008 – Present (7 years 9 months) | Toledo, Ohio Area

Philips Respironics is a world leading manufacturer of category leading respiratory medical devices.
I manage all Chain Retail Pharmacy Accounts for Philips Respironics as well as manage our Canadian
retail pharmacy Master Distributor.

---

Grow Your Career By Following
**Philips**

   

You              Philips

Kamal J., get the latest on Philips Jobs, News &
more!

[ Follow ]

### People Also Viewed

 Key Accounts Manager Retail at
Philips Respironics Respiratory Drug
Delivery

 Key Account Manager at BAUMANN
Springs - Division Medical

 Key Account Executive, RFT at Philips

**Kamal J., you've reached the commercial
use limit on suggested profiles**

Upgrade to LinkedIn Business Plus, Sales
Navigator, or Recruiter to get unlimited people
browsing.

[ Try Premium for free ]

Learn More

### In Common with Scott



Skills & Expertise

1

Group